UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JACOB MCKINNEY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>ALDOUS & ASSOCIATES, PLLC, and 731 WATER STREET, LLC, d/b/a GOLD'S GYM MILWAUKEE,<br><br>    Defendants. | Case No.: 16-cv-539<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Jacob McKinney is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a fitness center (gym) membership.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that he engaged in a consumer transaction.

6. Defendant Aldous & Associates, PLLC ("Aldous") is a debt collection law firm with its principal offices at 4120 International Parkway, Ste 1100, Carrollton, TX 75007.

7. Aldous is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Aldous is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Aldous is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant 731 Water Street, LLC ("Gold's Gym") is a Colorado limited liability company with its primary place of business in Virginia. It does business under the trade names "Gold's Gym" and "Gold's Gym Milwaukee" and is a franchisee of Gold's Gym International, Inc.

10. Gold's Gym is a franchise of an American chain of international co-ed fitness centers (commonly referred to as "gyms") originally started in California by Joe Gold. Each gym features a wide array of exercise equipment, group exercise classes and personal trainers to assist clients.

11. Gold's Gym is a "fitness center" as defined in Wis. Stat. § 100.177(1)(c).

12. Gold's Gym is engaged in the business of directly and indirectly collecting debts owed to itself and incurred for personal, family or household purposes. Gold's Gym is a debt collector as defined in Wis. Stat. § 427.103(3).

## FACTS

### *Plaintiff's Gym Membership*

13. On or around August 28, 2015, Plaintiff entered into a service agreement with Gold's Gym for a fitness center membership (the "Gym Contract").

14. At signup, Plaintiff provided his debit card number to Gold's Gym and agreed that Gold's Gym would debit Plaintiff's account monthly.

15. Subsequently, Plaintiff's debit card was lost or stolen. Plaintiff obtained a new debit card number, but forgot to immediately provide the new debit card number to Gold's Gym.

16. After Gold's Gym unsuccessfully attempted to debit Plaintiff's old debit card, Gold's Gym placed Plaintiff's account in collections and engaged Aldous to collect the account.

17. Plaintiff attempted to resolve the issue directly with Gold's Gym, but Gold's Gym informed Plaintiff that his account was in collections and that he would have to deal with the debt collector.

18. Gold's Gym refused to accept payment to reinstate Plaintiff's gym membership. As a result, Plaintiff contends that Gold's Gym is in breach of contract and Plaintiff has no interest in resuming his membership.

19. Furthermore, Gold's Gym's contract with Plaintiff is "unenforceable against the buyer" (i.e. Plaintiff) as a matter of law because it fails to comply with Wisconsin law regulating fitness center contracts. Wis. Stat. §§ 100.177(6), 100.177(9), 100.177(14)(b).

20. On or about April 15, 2016, Aldous mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to Gold's Gym. A copy of this letter is attached to this complaint as Exhibit A.

21. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

### *Prohibited Collection Fees*

22. Exhibit A states:

```
DELINQUENT BALANCE:   $489.29
COLLECTION FEE:       $146.79
TOTAL DUE TODAY:      $636.08
```

23. Exhibit A threatens and attempts to collect a collection fee from Plaintiff.

24. Plaintiff's service contract with Gold's Gym was for services, specifically access to Gold's Gym facilities and use of gym equipment, and involved agreements to render services and defer payment, under which finance charges were or could be imposed, and which obligation was payable in installments. Such agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

25. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

26. Plaintiff's contract was for "services," namely access and use of Gold's Gym's facilities.

27. Plaintiff's service contract with Gold's Gym was payable in installments. The contract specified that Plaintiff is required to pay a minimum of 24 monthly installments of $14.99 each, after which time the Gym Contract renews on a month-to-month basis. A copy of the contract is attached as Exhibit B.

4

28. Under any fitness center contract, including <u>Exhibit B</u>, the consumer incurs an obligation to pay the entire amount of the contract in monthly installments over the contract's term.

29. For example, under the Gym Contract, Plaintiff is obligated to pay 24 monthly installments of $14.99, plus a $99.00 "enrollment fee," plus "annual enhancement fees" of $29.00 every six months. At signing, the consumer is obligated to pay a minimum of $574.76 to Gold's Gym over the two-year initial term of the Gym Contract.

30. The Gym Contract also includes a guaranty clause, by which the consumer agrees to pay "the full amount of all amounts owed to Gold's Gym under this Agreement." Thus, instead of an "early termination fee," the consumer is obligated to pay the entire remaining balance upon default.

31. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1); *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

32. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

33. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

34. Because fitness center contracts, including <u>Exhibit B</u>, are consumer credit transactions, <u>Exhibit A</u> falsely states or implies that Aldous or Gold's Gym have a right to add collection fees to consumers' alleged fitness center debts.

5

35. Even if a provision of any agreement between Plaintiff and Gold's Gym would purport to permit Gold's Gym to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

36. The WCA and Wisconsin Law govern the Gym Contract. Even though the Gym Contract purports to select Virginia law, the WCA prohibits choice of law provisions selecting the law of another state in consumer transactions:

> **(10)** Except as provided in sub. (9), the following terms of a writing executed by a customer are invalid with respect to consumer transactions, or modifications thereof, to which chs. 421 to 427 apply:
>
> (a) That the law of another state shall apply;
>
> (b) That the customer consents to the jurisdiction of another state; and
>
> (c) That fixes venue.

Wis. Stat. § 421.201(10).

### *False Statements of Attorney Involvement*

37. Moreover, Exhibit A identifies Aldous as a "law firm" and as "Attorneys at Law."

38. Exhibit A also states: "Formal demand is hereby made upon you for immediate debt resolution upon your receipt of this letter.

39. Exhibit A falsely implies that an attorney was meaningfully involved in the collection of the account in April 2016.

40. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why

6

the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

41. No attorney at Aldous, however, is licensed to practice law in Wisconsin.

42. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*; *see also Clomon v. Jackson,* 988 F.2d 1314, 1320-21 (2d Cir. 1993).

43. The Third Circuit has held that collection letters purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included an attempted disclaimer of attorney involvement. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 995 (3d Cir. 2011).

44. Other Circuits have held that "a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter," and that similar language to that used by Aldous does not satisfy this requirement. *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009); *citing Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005).

45. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff and the class, no attorney had assessed the validity of the alleged debts to the standards required of an attorney.

7

46. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff and the class, no attorney at Aldous had reviewed any documentation underlying the alleged debts, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debts.

47. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Aldous had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Aldous or a third party mailing company generated and mailed <u>Exhibit A</u> as part of a batch of identical, except for personal information, form debt collection letters.

48. Upon information and belief, at the time <u>Exhibit A was</u> mailed to Plaintiff and the class, no attorney at Aldous had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on his or her debt and a candidate for legal action, nor was any attorney at Aldous meaningfully involved in the decision to send <u>Exhibit A</u> to Plaintiff and the class.

49. Upon information and belief, no attorney at Aldous personally reviews each class member's collection letter in any meaningful sense, before the letter is mailed.

50. Upon information and belief, no attorney at Aldous makes an individualized assessment of the class member's circumstances or liability, before <u>Exhibit A</u> is mailed to each class member.

### *Gold's Gym's Contract Is Unenforceable As a Matter of Law*

51. Wis. Stat. § 100.177 regulates fitness center contracts such as <u>Exhibit B</u>.

52. All fitness center contracts must include the following provision relating to the consumer's right to cancel:

**(6)** Every contract for fitness center service shall contain:

(a) A caption printed in boldface uppercase type of not less than 10-point size entitled "CANCELLATION AND REFUNDS".

(b) A provision under the caption stating: "*Right to Cancel.* You are permitted to cancel this contract until midnight of the 3rd operating day after the date on which you signed the contract. If the facilities or services that are described in the contract are not available at the time you sign the contract, you have until midnight of the 3rd operating day after the day on which you received notice of their availability, to cancel the contract. If within this time period you decide you want to cancel this contract, you may do so by notifying .... (the seller) by any writing mailed or delivered to .... (the seller) at the address shown on the contract, within the previously described time period. If you do so cancel, any payments made by you, less a user fee of no more than $3 per day of actual use, will be refunded within 21 days after notice of cancellation is delivered, and any evidence of any indebtedness executed by you will be canceled by .... (the seller) and arrangements will be made to relieve you of any further obligation to pay the same."

Wis. Stat. § 100.177(6).

53. The use of quotation marks in the statute means that all fitness center contracts must include the statutory notice word-for-word. There is and no language in the statute stating or implying that a fitness center can "substantially comply" with the statutory notice. *Id.* In contrast, the statute unambiguously provides the required language.

54. Gold's Gym did not use the statutory notice language that Wis. Stat. § 100.177(6) requires. Instead, Exhibit B states the following:

> **BUYER'S RIGHT TO CANCEL**
> If you wish to cancel this Agreement, you may cancel by making or delivering written notice to the Home Gym. The notice must say that you do not wish to be bound by this Agreement and must be delivered or mailed before midnight of the third business day after you sign this Agreement. The notice must be delivered or mailed by certified mail, return receipt requested, addressed to the Home Gym at the address set forth at the beginning of this Agreement, to the attention of the General Manager. If canceled within three business days, you will be entitled to a refund of all moneys paid. You may also cancel this Agreement if the Home Gym moves or goes out of business and fails to provide alternative facilities within 5 miles of the location of the Home Gym designated in this Agreement. You may also cancel if you become disabled, and your estate may cancel in the event of your death. You must prove such disability by a doctor's or nurse practitioner's certificate, and Gold's Gym may also require you to submit to a physical examination by a doctor or nurse practitioner agreeable to you and Gold's Gym. If you cancel after the three business days, Gold's Gym may retain or collect a portion of the contract price equal to the proportionate value of the services or use of facilities you have already received.

55. Gold's Gym's "Buyer's Right to Cancel" provision does not comply with Wis. Stat. § 100.177(6).

56. Further, Wis. Stat. § 100.177(9) prohibits collection of the amounts that Aldous and Gold's Gym are attempting to collect from Plaintiff:

9

**(9)** No contract for fitness center services may require a buyer who exercises the contractual right to cancel to pay more than a $3 user fee per day of actual use of facilities and services by the buyer during the cancellation period.

57. The final sentence of Gold's Gym's "Buyer's Right to Cancel" provision (see Paragraph 54) is ambiguous. One reading is that Gold's Gym contractually allows members to cancel after the initial, three-day cancellation period. It states that "Gold's Gym may retain or collect a portion of the contract price equal to the proportionate value of the services or use of facilities you have already received."

58. But even disregarding the "collection fee" entirely, Aldous and Gold's Gym are attempting to collect far more than the proportionate value of services rendered. The entire amount of the initial two-year contract is $574.76. Aldous and Gold's Gym state that the "delinquent balance," without the collection fee, is $489.29. This amount is 85 percent of the entire cost of the initial two-year contract.

59. On the date that Aldous sent <u>Exhibit A</u> to Plaintiff, only about 7.5 months had elapsed since Plaintiff signed the agreement. <u>Exhibits A, B</u>.

60. Further, Wis. Stat. § 100.177(9) limits the amount that a consumer who exercises a contractual right to cancel a fitness center contract must pay to a $3 per day user fee for the days the consumer *actually uses* the fitness center facilities and services:

**(9)** No contract for fitness center services may require a buyer who exercises the contractual right to cancel to pay more than a $3 user fee per day of actual use of facilities and services by the buyer during the cancellation period. No contract for weight reduction center services may require a buyer who exercises the contractual right to cancel to pay more than the value of services provided before cancellation.

61. Defendant's $489.29 amount would require Plaintiff to have actually used Gold's Gym's facilities for 163 days. Even discounting the $99.00 enrollment fee and the $29.00

10

"enhancement fee" from October 2015, Plaintiff would have had to use Gold's Gym's facilities for 120 days before incurring $489.29 in $3-per-day fees.

62. Plaintiff only used Gold's Gym's facilities approximately ten times in total and was barred from using Gold's Gym's facilities shortly after Gold's Gym's unsuccessful attempts to debit Plaintiff's account using his old debit card number.

63. <u>Exhibit B</u> does not comply with Wis. Stat. § 100.177. As a result, <u>Exhibit B</u> is unenforceable against Plaintiff as a matter of law:

**(14)** Any contract for center services is unenforceable against the buyer and is a violation of this section if: …

(b) The contract does not comply with the requirements of this section.

Wis. Stat. § 100.177(14)(b).

64. As stated above, Plaintiff has no desire to resume any relationship with Gold's Gym and asserts that the contract is rescinded as a matter of law.

### *The FDCPA and WCA*

65. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

67. 15 U.S.C. § 1692e(3) specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

68. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

11

69. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

70. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

71. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

72. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

73. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I -- FDCPA

74. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

75. Plaintiff brings Count I against defendant Aldous.

76. Aldous's threat to collect a fee in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

77. Aldous has no legal basis for collecting a collection fee on Plaintiff's alleged gym membership debt. The WCA prohibits such fees. *Patzka*, 917 F. Supp. at 659.

78. Exhibit A falsely represents that Defendant is lawfully entitled to collect a collection fee.

12

79. <u>Exhibit A</u> creates a false impression as to its authorization or approval for collecting a collection fee.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## **COUNT II -- FDCPA**

81. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

82. Plaintiff brings Count II against defendant Aldous.

83. Aldous's threat to add a collection fee when neither Aldous nor Gold's Gym are entitled to such a fee, is an unfair and/or unconscionable method by which to try and collect an alleged debt.

84. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

85. Defendant violated 15 U.S.C. §§ 1692f, and 1692f(1).

## **COUNT III – FDCPA**

86. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

87. Plaintiff brings Count III against defendant Aldous.

88. <u>Exhibit A</u> creates the false impression that an attorney at Aldous had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and <u>Exhibit A</u> itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

13

89. Before mailing Exhibit A to Plaintiff and the class, no attorney at Aldous had any meaningful involvement with Plaintiff's or class members' alleged debts or the letters. *Avila*, 84 F.3d at 229; *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002).

90. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), and 15 U.S.C. § 1692f.

## COUNT IV – WCA

91. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

92. Plaintiff brings Count IV against both defendants.

93. Exhibit A claims, attempts, or threatens to enforce a right to a collection fee, even though Defendants knew or should have had reason to know that no such right existed at the time the letters were sent.

94. Defendants violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## COUNT V – VIOLATIONS OF WIS. STAT. § 100.177

95. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

96. Plaintiff brings Count V against defendant Gold's Gym.

97. Gold's Gym's contract, Exhibit B, does not comply with Wis. Stat. §§ 100.177(6) or 100.177(9).

98. The contract is void or voidable as a result of Gold's Gym's violations of Wis. Stat. § 100.177.

99. Plaintiff chooses to void, cancel and rescind the Gold's Gym contract.

## CLASS ALLEGATIONS

100. Plaintiff defines the class as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant that sought to collect alleged debts owed to Gold's Gym, (c) seeking to collect a debt for personal, family or household purposes, (d) which threatens to include a collection fee, (e) on or after May 4, 2015, (f) that was not returned by the postal service.

101. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

102. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

103. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

104. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

105. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

106. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

15

(a) actual damages, including but not limited to any amounts actually collected that are attributable to a collection fee;

(b) statutory damages;

(c) rescission of the contract identified in <u>Exhibit B</u>;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: May 4, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com